```
1                  UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
2

3    _____
                                    )
4    JOHN FINNIMORE,                )
                                    ) No. 3:22-cv-01563-SRU
5              Plaintiff,           )
                                    ) October 17, 2024
6                                   )
     v.                             ) 1:02 p.m.
7                                   )
     EDWARD LENNON, ET AL.,         ) 915 Lafayette Boulevard
8                                   ) Bridgeport, Connecticut
               Defendants.          )
9    _____)

10

11

              TELEPHONIC DISCOVERY CONFERENCE
12

13

     B E F O R E:
14

          THE HONORABLE STEFAN R. UNDERHILL, U.S.D.J.
15

16

17   A P P E A R A N C E S:

18   For the Plaintiff:

19        JAMES S. BREWER
              9 Steele Boulevard, Suite 3
20            Berlin, CT 06037
              860-217-0652
21            E-mail: Jbreweratty@gmail.com
          BY:  JAMES S. BREWER, ESQ
22

23   (Appearances continued)

24
                  Official Court Reporter:
25                Melissa J. Cianciullo, RDR, CRR, CRC
                  (203) 606-1794
```

```
1   A P P E A R A N C E S    C O N T ' D:

2   For the Defendants:

3         LAW OFFICE OF IAN E. BJORKMAN, LLC
                900 Chapel Street, Suite 621
4               New Haven, CT 06510
                203-773-9110
5               E-mail: Ian@ibjorkman.com
          BY:   IAN E. BJORKMAN, ESQ.
6
          RYAN & RYAN
7               900 Chapel Street, Suite 621
                New Haven, CT 06510
8               203-752-9794
                Email: David.ryan@ryan-ryan.net
9         BY:   DAVID A. RYAN, JR., ESQ.

10        MILANO & WANAT LLC
                471 East Main Street
11              Branford, CT 06405
                203-315-7000
12              Email: Jkennedy@mwllc.us
          BY:   JEFFREY WILLIAM KENNEDY, ESQ.
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                (CALL TO ORDER, 1:02 p.m.)

 2           THE COURT:  Good afternoon.  This is Stefan

 3      Underhill.  We're on the record.

 4           Who is on the call, please?

 5           MR. BREWER:  Jim Brewer for the plaintiff

 6      John Finnimore.  Good afternoon, Your Honor.

 7           THE COURT:  Good afternoon.

 8           MR. RYAN:  Your Honor, David Ryan for

 9      defendants Town of East Haven and the chief, Chief

10      Lennon, and Deputy Chief Tracy.

11           THE COURT:  Thank you.

12           MR. BJORKMAN:  Your Honor, Ian Bjorkman for

13      the same defendants as Attorney Ryan.

14           THE COURT:  Very good.

15           MR. KENNEDY:  Hi, Your Honor.  It's Jeff

16      Kennedy.  I represent the individually named police

17      commissioners.

18           THE COURT:  Thank you.

19           All right.  Anyone else?

20           MR. BREWER:  That's it.

21           THE COURT:  All right.  Great.  Well, we got

22      the motion for discovery conference which I granted,

23      so I'm happy to hear issues that defendants want to

24      raise.

25           MR. RYAN:  Thank you, Judge.  I'll take the
```

```
 1    lead on this for a moment.  This is David Ryan
 2    speaking.
 3           So, obviously, one of the reasons why we
 4    needed the conference was to formulate a time to
 5    extend the discovery schedule.  That's one thing.
 6           And then another thing is while we've agreed
 7    to do the deposition of the plaintiff last or near
 8    last or after ours are done, we are hung up on the
 9    seven-hour rule.  And in formulating a strategy to
10    conduct the deposition, which I'll be doing, there is
11    no way I can finish in seven hours.  I hopefully can
12    finish in 14.  There are over 132 exhibits in the
13    deposition so far.  The plaintiff has just listed
14    between 80 and 120 witnesses that I would have to go
15    through.  There is discovery to go through and the
16    complaint itself in addition to all the deposition
17    testimony that we've had, which is voluminous.
18           So we wanted to bring that to the Court's
19    attention today and ask, in terms of planning
20    purposes, for at least 14 hours.
21           THE COURT:  All right.  Mr. Brewer, do you
22    want to respond to that issue first?
23           MR. BREWER:  Yes.  First, I was horrified
24    when I heard 80 witnesses, Judge.  We're not calling
25    80 witnesses.  But I think that was probably people
```

```
 1    that, the way discovery is posed, may have

 2    information about the case.

 3          But I understand, you know, and Attorney Ryan

 4    and I have discussed this.  And I think it depends

 5    on, you know, what's being asked sometimes.  But

 6    there is not -- you know, the 132 exhibits don't all,

 7    I can't imagine, apply to the plaintiff, you know

 8    what I mean, where he would have to be examined on

 9    all of them.  I mean, I'm sure some of them.

10          But be that as it may, but I don't see where

11    it would take two days to depose on the claims in the

12    case.  I mean, there's a certain number of factual

13    issues regarding, you know, what the plaintiff can

14    testify about.  So it's -- you know, to me, it's a

15    little asymmetrical saying, well, because there's all

16    these other exhibits.  I mean, we have to be

17    thorough.  That doesn't mean all those exhibits are

18    going to be used at trial or necessarily used to

19    examine the plaintiff.

20          So, you know, I've done a lot of depositions

21    over the years, and for some reason -- on very

22    similar cases, Judge.  Very seldom has it gone over

23    the seven hours in the chair.  I mean, I understand

24    sometimes, you know, there's issues and lunch and et

25    cetera and you might have to come back.  But usually
```

1    we get it done.  And like I discussed with Attorney

2    Ryan, why wouldn't we see, you know, how it goes and

3    maybe we could agree if something came up.  But --

4         MR. RYAN:  Your Honor, may I be heard on that

5    point?  Which I understand normally is the rule and

6    that's part of the reason why I asked for the

7    conference.

8         In order to plan this, I can't do service to

9    my client and rush the process to try and finish in

10   seven hours when I know I need at least 14.  I've

11   been around the block enough times to know that.  I'm

12   making a representation to you as an officer of the

13   court.  In beyond good faith, I'm representing it's

14   going to take 14.  And if I'm going fast, I can

15   finish in 14.

16        THE COURT:  Yeah.  I think 14 hours is

17   reasonable.  This is a complex case; it covers a wide

18   range of time, broad issues.  There have been a

19   number of depositions on the part of the plaintiff

20   already.  And I think these issues warrant, you know,

21   careful examination in the plaintiff's deposition;

22   and I think it's not unreasonable to expect that

23   twice the seven-hour limit would be needed.

24        So I'll grant the request to allow 14 hours

25   for the plaintiff's deposition.  Hopefully, it can be

1   done in that time.  I'd be a little surprised if it

2   can't but we'll see.

3           In terms of the discovery deadline, I think

4   what may be appropriate here is to have the parties

5   meet and confer and see if you can come up with an

6   agreed-upon schedule.  Obviously, we're -- we don't

7   even have an answer yet, so it's still fairly early

8   in the case.  And I think it's appropriate for you

9   to -- now that the motion to dismiss has been ruled

10  upon, for you to try to look forward and see what are

11  reasonable deadlines for the completion of the

12  discovery and the filing of the dispositive motions.

13          MR. BREWER:  Yes, this is Jim Brewer.

14          Attorney Ryan and I have, I'm sure, and other

15  counsel, we -- I talked to Attorney Ryan today.  I'm

16  sure we can do that, Judge.

17          THE COURT:  Okay.  Great.  All right.  Are

18  there other issues that anybody wanted to raise

19  today?

20          MR. RYAN:  Judge, there is one other issue

21  that I'll admit Attorney Bjorkman knows more about

22  than I do; that is, the ruling that you had on the

23  request by Attorney Brewer to use FBI-related

24  documents that you ruled on prior to this.  And I've

25  just learned that the U.S. attorneys have filed

1   papers objecting to that.  And that -- I don't know

2   whether that's going to hold up discovery, and I

3   think it would be best to talk about it now.  But

4   that's --

5         MR. BREWER:  If I can interject, Judge.  This

6   is Jim Brewer.

7         Attorney Ryan and I discussed this briefly

8   this morning.  You know, after getting the objection

9   from the U.S. attorney -- you know, we don't -- and,

10  you know, there's the cost benefits.  And given what

11  Attorney Ryan just mentioned, the definite delay in

12  arguing that before Judge Hall and going back and

13  forth with *Touhy* requests, et cetera, that they're

14  demanding, we're not going to pursue that.

15        These are documents that were intended to be

16  used in discovery to refresh recollections, things

17  like that.  I don't think they would necessarily --

18  and I told Attorney Ryan this, that they would even

19  be necessarily admissible, right?  They're sort of

20  hearsay.  So we're -- it's a dead-end for us at this

21  point, Judge.

22        THE COURT:  Very well.  That sounds like a

23  good decision.

24        As I recall, what I said was go back to Judge

25  Hall.  I don't recall.

```
 1              MR. BREWER:  Yes, sir.

 2              THE COURT:  Yeah.  So --

 3              MR. BREWER:  Yeah.  And then when we did

 4    that, Judge, just so you know, the U.S. attorney

 5    objected right away saying we didn't file a Touhy.

 6    You know, it's a very -- I'm sure you may have seen

 7    it before, Judge.  It's a very complicated process

 8    so --

 9              THE COURT:  Yeah, exactly.  Okay.  And have

10    you let her, "her" being Judge Hall, know that you're

11    not pursuing it?

12              MR. BREWER:  I will do that now.  I will move

13    to -- I'm not sure the nomenclature, Judge --

14    withdraw the motion, I guess.

15              THE COURT:  Withdraw the motion, yeah, if it

16    was a motion.

17              MR. BREWER:  Yes, sir.  Yeah.  I'll do that

18    forthwith and let her know.

19              THE COURT:  As a courtesy to her.  I know

20    she's quite busy.

21              MR. BREWER:  Yes.  Absolutely.

22              THE COURT:  All right.  Good.  What other

23    issues would you raise?

24              MR. BREWER:  The only other issue that came

25    up, Judge, and Attorney Ryan and I were at a little
```

1   bit of an impasse, was on -- you know, we wanted to

2   get -- I'm not sure how far this goes.  But there is

3   certain drug -- you know, there is obviously steroids

4   and drug testing, you know, is involved in this case.

5   And we wanted to get drug testing results.  You know,

6   we would obviously keep them confidential with

7   respect to the -- utilizing the standing protective

8   order.

9         But the defendants -- and I won't speak for

10  Attorney Ryan, but essentially, you know, because of

11  the privacy aspects of, you know, drug testing, have

12  declined.  And I'm not sure what's out there, you

13  know.  But there's certain witnesses, certain

14  comparators, potentially, that it might have an

15  impact.  And it may not.  But we haven't received

16  those because they object.

17        THE COURT:  All right.  Well, that sounds

18  like an issue that might be worth some briefing,

19  frankly.

20        MR. BREWER:  Okay.

21        THE COURT:  Yeah.  So if you want to pursue

22  that, maybe make a motion, and -- if you can't

23  resolve it, make a motion and I'll take it up in due

24  course.

25        MR. BREWER:  Okay.  Yes, Your Honor.

1          THE COURT:  All right.  Well, I had something

2    to raise if there are no other issues.

3          Have the lawyers talked about the possibility

4    of resolving the case?  I don't know what the terms

5    might be, but it would seem -- this case is going to

6    be extremely expensive and time-consuming to

7    litigate.  And I don't know if it's principally a

8    dollar issue or if nonmonetary forms of relief are

9    being sought.  I don't know whether the plaintiff has

10   made a demand and so forth.  And I don't necessarily

11   need to know any of that.

12         But I do think it would behoove everybody to

13   at least discuss the possibility of negotiating

14   something sooner rather than later.  Just the number

15   of depositions, you know, the complexity of the legal

16   issues, this is going to be a mess to litigate.  And

17   if there is some interest in trying to resolve it,

18   early is one of the better times to do that.

19         So, obviously, we have a fabulous group of

20   magistrate judges who mediate cases for free, and I

21   could assign it if there was interest in trying to

22   pursue that.

23         MR. BREWER:  Judge, this is Jim Brewer for

24   the plaintiff.

25         We've had this similar conversation at the

1    outset, I think, at the Rule 26 meeting.  And this is

2    no news to anybody; we're always welcome to try to

3    resolve the case.  We haven't really made a demand

4    either though so --

5          THE COURT:  Well, I think that's critical.  I

6    mean, if you're demanding $30 million, then it

7    becomes an easy decision to forego and just litigate

8    it.  If you're demanding a small amount of money but

9    some other form of relief, it may be very attractive

10   to go try to mediate it.

11         So I think you need to make a demand, ideally

12   one that's not just got a bunch of zeros but has some

13   rationale behind it:  here is lost income, here is

14   whatever else you might be claiming.

15         MR. BREWER:  Right.

16         THE COURT:  And communicate that and see if

17   there is any interest on the other side in trying to

18   resolve it.  I mean, I assume the plaintiff is always

19   interested in trying to resolve it because --

20         MR. BREWER:  Yes.

21         THE COURT:  -- it's faster and there is a --

22   presumably, an acceptable outcome that would result.

23         But I don't know, is the defense at all open

24   to the possibility?

25         MR. BJORKMAN:  Your Honor, if it's

```
 1    reasonable, we obviously would be open to it.  We do
 2    understand -- we've already spent a lot of money, so
 3    we do understand.
 4          THE COURT:  I'm sure.  Yeah, I'm sure.  But
 5    you're probably not halfway through this case.
 6    You're probably not a third of the way through this
 7    case.  I mean, I don't know what you've spent but
 8    it's only going to get worse when you get to longer,
 9    you know, depositions, more depositions, motions to
10    compel, motions for summary judgment and then trial
11    prep.  I mean, the trial of the case alone would be
12    extremely expensive.
13          I think it behooves everybody's interest to
14    at least make a run early on.  Some depositions have
15    been taken.  There is some information that's been
16    exchanged, so you have a little bit of basis for
17    understanding the other sides' positions and this may
18    be a good time.
19          MR. BJORKMAN:  Your Honor, speaking for my
20    clients, and, you know, I'm very good friends with
21    Attorney Kennedy and his firm, members of his firm,
22    I'm sure that we will tell our clients today or
23    tomorrow what you've said and get them ready for
24    Attorney Brewer's demand.
25          THE COURT:  Good.  Okay.
```

1          MR. BREWER:  Does it make sense -- I mean,

2     maybe I'm talking out of turn -- to have a conference

3     with a magistrate, Your Honor, or --

4          THE COURT:  Well, yeah.  I think, you know,

5     you need to do a little groundwork before that would

6     be a meaningful or useful exercise.  If you're going

7     to spend a day, a day is expensive, and people don't

8     want to do that until there is some sense that, well,

9     the demand is a little high but it's not outrageous

10    and we can maybe work on that and see whether there

11    is some way to get to a number.

12          Whereas, you know, if the demand is sky high,

13    it becomes easy just to say we're not going to waste

14    a day's worth of legal fees --

15          MR. BREWER:  Right.

16          THE COURT:  -- sitting in a conference if

17    there is no hope of resolving the case.  I mean, all

18    of you know this.

19          MR. BREWER:  I understand.  We'll work on it.

20          THE COURT:  Yeah.  All right.  I mean, you

21    know, settlements are reached at a place where

22    everybody walks away holding their nose.  You know,

23    nobody kind of wins in settlement.  And that's kind

24    of the attitude you've got to take in terms of

25    whether it might be worth, in settlement, to settle

1    this case to get the guaranteed result; we'll take

2    less than we'd get at trial which is "X," you know,

3    and go from there.

4            But anyway, I've raised it again and

5    hopefully something will come of it.  I do think a

6    demand is the first step.

7            MR. BREWER:  We'll get right on it, Your

8    Honor, for the plaintiffs.

9            THE COURT:  All right.  Yeah, can you get it

10   to him, what, in --

11           MR. BREWER:  I just have to talk to the

12   client.  I think within a few days.  I mean, I don't

13   know about the --

14           THE COURT:  Good.  Yeah.  I was going to say

15   can you get it in a week or ten days.  Great.

16           MR. BREWER:  Yes.  Definitely, sir.

17           THE COURT:  All right.  Very good.  Okay.

18   Well, good luck with that.  And we're here if things

19   can be raised that will facilitate either the

20   settlement or the litigation of the claims.

21           MR. BREWER:  Thank you very much for your

22   time, Your Honor.

23           THE COURT:  Thank you all for calling in.

24           MR. BJORKMAN:  Judge, thank you very much for

25   the conference.

1          THE COURT:  Sure.  Thank you.  Be well.  Take

2    care.

3          (PROCEEDINGS ADJOURNED, 1:20 p.m.)

4

5

6

7                    C E R T I F I C A T E

8

9      RE: JOHN FINNIMORE v. EDWARD LENNON, ET AL.
                 No. 3:22-cv-01563-SRU
10

11          I hereby certify that the within and

12    foregoing is a true and accurate transcript taken in

13    the aforementioned matter to the best of my skill and

14    ability.

15

16          /s/_Melissa J. Cianciullo_____

17      MELISSA J. CIANCIULLO, RDR, CRR, CRC
               Official Court Reporter
18          United States District Court
               915 Lafayette Boulevard
19          Bridgeport, CT 06604
                 (203) 606-1794
20

21

22

23

24

25